**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**In re Petition of NEW YORK STATE URBAN DEVELOPMENT CORP.**
**Order No. 747.**

**No. 70-347.**

United States District Court,
E. D. Pennsylvania.

June 2, 1972.

Blank, Rome, Klaus & Comisky by Marvin Comisky, and Norman L. Holmes, Philadelphia, Pa., for Trustees, Penn Central.

Tate & Ervin by W. Bourne Ruthrauff, Philadelphia, Pa., for Richard Joyce Smith, Trustee New York, New Haven & Hartford RR.

Fox, Rothschild, O'Brien & Frankel by Nochem S. Winnet, Philadelphia, Pa., for First Natl. City Bank of N. Y.

Ballard, Spahr, Andrews & Ingersoll by Frederic L. Ballard, Philadelphia, Pa., for Girard Trust Bank and Morgan Guaranty Trust Co.

Morgan, Lewis & Bockius by John N. Schaeffer, Jr., Philadelphia, Pa., for The Fidelity Bank.

Kelley, Drye, Warren, Clark, Carr & Ellis by Edward Roberts, III, New York City, for Mfg. Hanover Trust Co. as trustee under Debtor's gold bond mortgage of 1897.

Dechert, Price & Rhoads by Matthew J. Broderick, Philadelphia, Pa., for Penn Central Co.

Willkie, Farr & Gallagher by Walter H. Brown, Jr., New York City, for Institutional Investors, Penn Central Group.

Sage, Gray, Todd & Sims by Herschel E. Sparks, Jr., New York City, for New York State Urban Development Corp.

## OPINION AND ORDER NO. 747

FULLAM, District Judge.

The indenture trustees of the "Hudson River Mortgages," desiring to appeal from Order No. 706 herein, 346 F. Supp. 1330, have requested a stay of that Order pending appeal.

The Order appealed from requires the indenture trustees to release from the lien of their mortgages certain property which was conveyed to the New York State Urban Development Corporation ("UDC") by the Debtor before bankruptcy, in exchange for the certification (previously tendered) of certain pre-bankruptcy additions and betterments to remaining property subject to the mortgages. The deadline for compliance with Order No. 706 has been extended to June 9, 1972.

In deciding whether or not to grant the requested stay, two areas of inquiry must be explored:

1. Whether denial of a stay, and compliance with Order No. 706, would render the appeal subject to dismissal on grounds of mootness; and

2. Assuming the appeal would not be subject to dismissal on that ground, whether equitable considerations weigh most heavily in favor of grant or denial of the stay.

On the first point, it seems clear that the stay should be granted, if to refuse it would moot the appeal. While I am satisfied that denial of the requested stay should not have that effect, only the appellate court can provide authoritative answer to that question. If the equities, on balance, favor denial of the requested stay, I believe it would be improper for this Court to grant the stay solely on an untested assumption that the Court of Appeals might otherwise dismiss the appeal as moot. It is to be noted that, in a somewhat analogous situation, In the Matter of Penn Central

Transportation Company, Debtor, Appeal of 1st Wisconsin National Bank of Milwaukee, Wisconsin et al., 453 F.2d 520 (3d Cir. 1972), interim compliance "under protest" with an order of this Court did not serve to render moot the appeal therefrom.

The record amply demonstrates that UDC would be gravely and irreparably harmed by the entry of a stay order. *See* affidavit of Steven A. Lefkowitz. The harm would extend not only to UDC and its contractors, but to the public at large. On the other hand, the damage to the bondholders if the stay is denied is more theoretical than actual, and could be remedied by exactions from UDC, the Debtor's estate, or both.

Under no circumstances are the indenture trustees or their bondholders entitled to immediate payment of the mortgage debt. This case is concerned solely with the value of the security for the mortgage debt. If the appeal is successful, appropriate adjustments can be made. While it is conceivable that, in that event, there might be imposed upon the Debtor's estate an obligation to restore the security value, which obligation might have a higher priority than would UDC's enhanced claim under its indemnification agreement with the Debtor (a question which has not been, and need not now be, decided), I believe this to be an acceptable risk for the Trustees to take, under the circumstances.

For the foregoing reasons, the indenture trustees' motion for a stay of Order No. 706 will be denied, upon condition that the parties (UDC, the Trustees, and the indenture trustees) enter into a stipulation that compliance with Order No. 706 will be deemed to be without prejudice to the right of appeal therefrom.

A further temporary stay of Order No. 706 will be granted, to afford an opportunity for the parties to file such stipulation, and for the indenture trustees to make such applications to the Court of Appeals as they may deem appropriate.